## City of Chicago v. Northwestern Mutual Life Insurance Company.

### Gen. No. 11,695.

1. VOLUNTARY—*when payment is not.* The payment of an unjust water rate under threat of shutting off the future supply, is not voluntary.

2. ASSUMPSIT—*when lies to recover money paid under protest.* Assumpsit lies to recover unjust water rates paid under protest where payment was exacted under threat of shutting off the future water supply of the premises against which the rate was charged.

3. INTEREST—*when may be recovered.* Interest may be recovered upon money wrongfully obtained by the defendant and illegally withheld from the plaintiff.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Affirmed. Opinion filed May 5, 1905.

**Statement by the Court.** The City of Chicago has for many years owned and operated a system of water works, by means of which it supplies the inhabitants of the city with water, and said inhabitants have been and are wholly dependent upon the city for their supply of water. The City by ordinance established certain rules for the control of its water supply. Section 32 of the ordinances regulating "Vacancies," provides:

"Any person failing to pay his or her water rates or taxes assessed or charged within the time prescribed hereinbefore, shall not be entitled to any discount, and in case of the failure of any person to pay his or her water rates or taxes within sixty (60) days after the first day of the current assessment period, shall at once have the water supply cut off by the bureau of water from the premises against which rates or taxes are outstanding. In case of failure on the part of the bureau of water to shut off the said supply of water from any premises where there is a 'buffalo' or 'shutoff' box on or before thirty (30) days prior to the expiration of the current collection period, as aforesaid, the bureau of water shall lose any lien it may have against said premises for water used as to 75 per cent. of the frontage

rates and all extra fixtures, and shall collect the same from the user of said water by action at law."

The Northwestern Mutual Life Insurance Company during the four years prior to 1901 obtained the title to twenty-eight lots in said city through foreclosure proceedings. Back water rates were due the City for water supplied to the former occupants of said lots prior to the time the insurance company acquired title thereto. The City demanded that the insurance company pay said back water rates and gave notice that on its failure to do so it would shut off the water from any lot on which such back water rate remained unpaid. The insurance company paid under protest such back water rates and in an action of assumpsit recovered against the City a judgment for the amount of back water rates so paid with interest, and from the judgment the City prosecutes this appeal.

WILLIAM D. BARGE, for appellant; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

HOYNE, O'CONNOR & HOYNE, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The case was submitted to the court upon an agreed statement of facts, and the questions presented by the record are questions of law only. The City asked the company to pay the back water rates and to induce such payment declared its intention to shut off a future supply of water from any lots upon which such back water rate was not paid. In order to prevent such shutting off of the water and to obtain a supply of water for its lots from the time it acquired title thereto, at the rates fixed by the ordinance of the City, the insurance company paid the back water rates demanded, and the question is whether it is entitled in this action to recover the money so paid.

The contention of appellant is that it cannot; that the payments were made voluntarily, with a full knowledge of all the circumstances; that the City had the right to say

that it would not furnish a future supply of water to any one of said lots unless its old bills for water supplied to occupants of such lot before the company acquired title thereto were paid; that as to the amount of back water rates on each lot paid by the insurance company, the company must be considered as having made with the City a contract to pay to the City the amount of such back water rates as well as the rate fixed by the ordinance for the water supplied after the company became the owner of the lot, as the consideration for 'the future supply of water to such lot, and that having made such contracts and paid the money under them, the company could not retract and recover the money paid under such contracts.

On the other hand it is contended that such payments can not be considered voluntary; that the parties were not on an equal footing; that the buildings on a lot without a supply of water would be unfit for occupancy; that the City would not, unless such payments were made, supply the water to the lots of the company which the company was by law entitled to receive from the City without making such payments, and that such payments must be held to have been made through coercion and under duress.

In Wagner v. Rock Island, 146 Ill. 139–154, it was said that the business of furnishing the inhabitants of a city water by means of such a system of water works as appellant owns and operates, "is a business which is public in its nature and belongs to that class of occupations or enterprises upon which a public interest is impressed. The business carried on by common carriers, telegraph companies and gas companies are examples of the same class." If a common carrier of freight refuse to accept goods for carriage without the payment of more money for the freight than he is entitled in law to charge, or if having carried goods he refuses to deliver them to the owner without the payment of more money than he has a right to demand for such carriage, the owner may in either case pay, under protest, the amount illegally demanded and recover the same in an action against the carrier for money had and received. Beckwith v. Frisbie, 32 Vt. 559, and cases there cited.

It is not claimed that the City had any lien on the lots for the back water rates, or that the insurance company was under any obligation to pay the same, but the sole contention is that the payments were made voluntarily. The contention is necessarily based upon the hypothesis that the City has the right to fix the terms and conditions upon which it will supply water to any particular lot. "But it is a rule of the common law that parties carrying on a business which is public in its nature or which is impressed with a public interest, cannot select their patrons arbitrarily, but must serve all who apply on equal terms and at reasonable rates." Wagner v. Rock Island, *supra*, 156.

The city had no right to compel the insurance company to pay back water rates on a lot as a condition for the future supply of water to the lot, for it was its duty to supply such water at the rate fixed by the ordinance.

The precise question here involved was decided adversely to the contention of appellant in Westlake et al. v. St. Louis, 77 Mo. 47, and in Brewing Ass'n v. St. Louis, 140 Mo. 419.

We are of the opinion that the payments of back water rates made by the insurance company to the City were not voluntary. They were made under protest and to induce the City to do that which it was in law bound to do without such payments. The parties were not on equal terms. The City officials possessed the power, and threatened to exercise it, of cutting off the water from the company's property unless their illegal demands that the back water rates for such property be paid, were complied with. The property of the company was improved with buildings used as stores, flats and residences, with water pipes, tubs and boilers connected with the water system of the City, and all of said buildings were occupied by tenants of the insurance company. Such buildings must be supplied with water from the water system of the City to make them habitable and it was the right and duty of the company to see to it that the supply of water to its buildings was not cut off or interfered with.

It follows from what has been said, that in our opinion the money of the plaintiff was wrongfully obtained by the defendant and illegally withheld by it from the plaintiff. In such case a municipal corporation is liable for interest on the money so obtained and withheld. County of La-Salle v. Simmons, 5 Gil. 516; County of Pike v. Hosford, 11 Ill. 176; Vider v. Chicago, 164 Ill. 358; City of Peoria v. Cons. Co., 169 Ill. 39; City of Danville v. Danville Water Co., 180 Ill. 246.

The judgment of the Superior Court will be affirmed.

*Affirmed.*