ANTHONY M. SEMENTA, Plaintiff-Appellee, v. STANLEY G. TYLMAN, Defendant-Appellant.—STANLEY G. TYLMAN *et al.*, Plaintiffs-Appellees, v. ANTHONY SEMENTA *et al.*, Defendants-Appellants.

Second District   No. 2—91—0757

Opinion filed June 26, 1992.

Samuel J. Betar III and Michael B. Brohman, both of Kamensky & Rubinstein, of Lincolnwood (Michael P. Greenwald, of counsel), for appellants.

Rathje, Woodward, Dyer & Burt, of Wheaton (John F. Garrow, of counsel), for appellees.

JUSTICE DUNN delivered the opinion of the court:

Anthony Sementa and Anthony Sementa, D.D.S., P.C., appeal from a judgment order of the circuit court of Du Page County. Sementa individually brought suit against Stanley Tylman. Tylman and his professional corporation, Dr. Stanley Tylman, D.D.S. (collectively referred to as Tylman), then filed a separate suit against Sementa and his professional corporation (collectively referred to as Sementa), and the two suits were consolidated. Over Sementa's objection, the circuit court entered a judgment order which had been signed by the individual parties. The court subsequently denied Sementa's motion to vacate the purported agreed judgment order, and Sementa now appeals. His contention on appeal is that the parties never reached a settlement agreement because Sementa's settlement offer was no longer in effect at the time Tylman's purported acceptance was communicated to Sementa. Tylman asserts that this appeal must be dismissed because consent judgments cannot be appealed. We reverse and remand.

Sementa and Tylman are both engaged in the practice of dentistry. In January 1989, Sementa and Tylman entered into several written agreements pursuant to which Sementa purchased Tylman's dental practice in Lombard for a price of $215,000. In addition, Tylman was to work as a consultant in the office until December 31, 1994, unless the parties mutually agreed to an earlier termination date or one of them died, and was to receive compensation for his services. Tylman also agreed to refrain from practicing dentistry within a five-mile radius of his former office and soliciting patients of that office during the period

of his independent contractor agreement with Sementa and for two years thereafter.

On April 16, 1990, Sementa filed a complaint alleging that Tylman had breached the above restrictive covenant by practicing dentistry within five miles of the Lombard office. Tylman filed a separate action against Sementa on June 20, 1990. He alleged that Sementa had failed to make certain payments due under the January 1989 agreements. The circuit court subsequently consolidated the two suits.

The case was originally set for trial on December 6, 1990. On that date, the attorneys for the parties advised the trial judge that a settlement was impending. They presented the judge a stipulation to dismiss the case with prejudice. The trial judge signed the stipulated dismissal order.

The parties did not execute a written settlement agreement at this time. On January 10, 1991, Tylman's attorney presented to the circuit court a motion to either enforce an alleged verbal settlement agreement or vacate the stipulated dismissal and set the case for trial. The trial judge vacated the dismissal order and set the matter for trial on March 28, 1991. The trial date was subsequently continued until April 4, 1991.

On April 4, Tylman's attorney presented a document titled "Agreed Order" to the trial court. This document set forth terms of a proposed settlement between Sementa and Tylman and contained the signatures of both. Over the objection of Sementa's attorney, the trial judge entered the order and stated that the document was "complete and regular on its face." The trial judge also stated that if Sementa's attorney had a valid objection, he could move to have the agreed order vacated.

On May 1, 1991, Sementa filed a motion to vacate the April 4 judgment order. Sementa's motion and Tylman's response contained affidavits establishing the following undisputed facts. On December 27, 1990, Tylman's attorney, John Garrow, sent a letter to Sementa's attorney, John McCluskey. The letter stated that Tylman's motion to vacate the December 6 stipulated dismissal order or to enforce the alleged verbal settlement agreement was enclosed. The letter also stated that Tylman would agree to a clause which would allow either party to terminate the agreement as of the beginning of 1992, 1993, or 1994. If Tylman terminated the agreement, he would be required to pay $15,000 to Sementa if the termination was to take effect in 1992, $10,000 for 1993, and $5,000 for 1994. The letter also stated that, in general, Tylman was willing to offer the same proposal contained in Garrow's letter of December 7, 1990.

On December 31, 1990, McCluskey delivered the document titled "Agreed Order" to Garrow's office. Sementa had signed the document

earlier that day. At the bottom of the document, next to Sementa's signature, there was a signature line with Tylman's name printed below. The "agreed order" was seven pages long. Among other things, it stated that the independent contractor agreement could not be terminated until January 1, 1993. If Tylman wished to terminate the agreement as of that date, he would be required to pay Sementa $10,000, amortized over the period of remaining payments under the independent contractor and equipment lease agreements. If he wished to terminate the agreement as of January 1, 1994, he would be required to pay $2,000, amortized in a similar manner.

Enclosed with the "agreed order" was a check for $30,321.94 made payable to Tylman. Sementa wrote the words "Pursuant to Agreed Order" on the lower left corner of the check. Tylman cashed the check on January 3, 1991, but crossed out the above phrase.

On January 14, 1991, Garrow sent another letter to Sementa. This letter states that Tylman "was willing to settle this matter at any time upon the conditions set forth in my letter to you dated December 27, 1990." McCluskey informed Garrow that this proposal was not acceptable to Sementa.

When Garrow and McCluskey met at the Du Page County courthouse on March 28, 1991, Garrow showed him the "agreed order" dated December 31, 1990, which Tylman had now signed. McCluskey then telephoned Sementa, who was no longer willing to settle the case on those terms. This was the first notice Sementa had that Tylman had signed the agreement. According to Tylman's affidavit, he signed the "agreed order" on January 11, 1991. The attorneys were told to return to court on April 4 because the judge was not available on March 28.

The trial judge denied the motion to vacate. He ruled that, by accepting the check on January 3, Tylman created a contract between the parties. Sementa now appeals.

■ Tylman initially argues that this court has no jurisdiction to consider this appeal because it involves a consent order. Ordinarily, a consent decree may not be appealed because it constitutes no more than the court's recording of a settlement agreement reached by the parties and is not a judicial determination of their rights. (*People ex rel. Fahner v. Colorado City Lot Owners & Taxpayers Association* (1985), 106 Ill. 2d 1, 8.) Reviewing courts have considered on appeal the issue of whether a judgment order is actually a consent decree. (See, *e.g.*, *People ex rel. Edelman v. Hunter* (1953), 350 Ill. App. 75, 77-78; *McDavid v. Fiscar* (1951), 342 Ill. App. 673, 678-79.) This issue may properly be considered because it does involve a judicial determination as to whether the parties agreed to the entry of the judgment. To rule otherwise would leave a

party without effective recourse in the event that a trial court erroneously ruled that he or she had consented to the entry of a judgment order.

■ Tylman next argues that the "agreed order" is not a final and appealable order because it states that the court retains jurisdiction for the purpose of enforcing all agreements between the parties. The presence of such language does not necessarily render an otherwise final and appealable order nonfinal. (*Callier v. Callier* (1978), 61 Ill. App. 3d 1011, 1012.) The court stated in *Callier* that the order in question decided all material issues that were raised in the pleadings and resolved the entire controversy between the parties on the merits. (*Callier*, 61 Ill. App. 3d at 1012.) Because the same is true of the order in this case, we conclude that it is final and appealable and reject Tylman's jurisdictional challenge.

Sementa contends that his December 31, 1990, "agreed order" was an offer that Tylman rejected several times prior to his purported March 28, 1991, acceptance, thereby rendering that acceptance invalid. The law of contracts is applicable to settlement agreements. (*Pierce v. MacNeal Memorial Hospital Association* (1977), 46 Ill. App. 3d 42, 49-50.) Settlement agreements are binding only if there is an offer, an acceptance, and a meeting of the minds as to the terms of the agreement. *People ex rel. Skinner v. Scott* (1988), 172 Ill. App. 3d 790, 798.

■ There is no dispute that the December 31, 1990, "agreed order" was an offer from Sementa to Tylman. The January 14, 1991, letter from Garrow to McCluskey proposed settlement on different terms than Sementa had proposed in the "agreed order." It therefore constituted a counteroffer. (See *Ebert v. Dr. Scholl's Foot Comfort Shops, Inc.* (1985), 137 Ill. App. 3d 550, 559.) Responding to an offer with a counteroffer constitutes a rejection of the original offer. (Restatement (Second) of Contracts §39(2) (1981); see also *Ebert*, 137 Ill. App. 3d at 559.) A rejected offer cannot be revived by a later acceptance. 137 Ill. App. 3d at 559; *Johnson v. Whitney Metal Tool Co.* (1950), 342 Ill. App. 258, 267.

Tylman contends that he accepted the terms of the "agreed order" by signing it on January 11, 1991. There is no acceptance, however, until the offeree notifies the offeror of the acceptance or at least employs reasonable diligence in attempting to do so. (Restatement (Second) of Contracts §56 (1981); *Rothenbuecher v. Tockstein* (1980), 88 Ill. App. 3d 968, 970; *City of Chicago v. Northwestern Mutual Life Insurance Co.* (1905), 120 Ill. App. 497, 499.) The record reveals that Tylman made no effort to notify Sementa of his "acceptance" until March 28, 1991, long after he rejected the offer by making the January 14 counteroffer. Ac-

cordingly, there was no valid acceptance of Sementa's December 31 settlement proposal.

Tylman argues that Sementa ratified the December 31 agreed order by paying himself over $6,000 pursuant to it. This would not, however, remove the requirement of acceptance of the agreement by Tylman. The record reveals that no valid acceptance ever took place.

■ The trial court's conclusion that Tylman accepted the terms of the December 31 proposal by cashing the check was also erroneous. Under some circumstances, a tendered contract may be accepted if the offeree accepts benefits under the contract. (*Arduini v. Board of Education, Pontiac Township High School, District 90* (1981), 93 Ill. App. 3d 925, 929.) Here, however, although Sementa placed the words "Pursuant to Agreed Order" on the check, the agreed order did not specifically provide for a payment in that amount to Tylman. Instead, it provided that the sum due Tylman under the independent contractor agreement would be determined later. Thus, Tylman would not have been aware that he was accepting a benefit under the agreed order by cashing the check. Furthermore, by crossing out the above phrase before cashing the check, Tylman indicated he was not manifesting any intention to accept the terms of the "agreed order." We therefore conclude that Tylman's acceptance of the check did not constitute an acceptance of the terms of the agreed order.

■ Finally, Tylman contends that Sementa's alleged bad faith precludes Sementa from receiving relief on appeal. According to Tylman, the reason Sementa refused to settle the case on March 28, 1991, was that Tylman had opened a dental office in Winfield. This, according to Tylman, was not a violation of the parties' original agreements because the Winfield office was more than five miles from Sementa's Lombard office. Tylman cites no authority in support of this argument, however, and it is therefore waived. 134 Ill. 2d R. 341(e)(7); *In re Marriage of Strauss* (1989), 183 Ill. App. 3d 424, 428.

For the above reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GEIGER and BOWMAN, JJ., concur.