No. 3--00--0483

(Consolidated with No. 3--00--0484)

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2002 

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of the 12th Judicial Circuit,

 ) Will County, Illinois

Plaintiff-Appellee, ) 

 )

v. ) No. 99--CF--191, 99--CF--1174

 ) 

ALPHONSO BOUIE, ) Honorable

                                ) Stephen D. White,

 ) Gerald Kinney

Defendant-Appellant. ) Judges, Presiding

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the Court:

_________________________________________________________________

The defendant, Alphonso Bouie, was convicted, pursuant to his guilty plea, of two charges of unlawful possession of a controlled substance.  720 ILCS 570/402(c) (West 1998).  He was sentenced to three years’ imprisonment on one charge and four years’ imprisonment on the other, with the sentences to be served consecutively.  The defendant now appeals his conviction and sentence, alleging that (1) the trial court erred in arraigning him via closed circuit television; (2) the judge erred by withdrawing his conditional concurrence in the plea agreement and sentencing the defendant without allowing him the opportunity to withdraw his plea; (3) the prosecutor violated the defendant’s plea agreement by arguing for a longer sentence than had been agreed to; and (4) the defendant’s consecutive sentences violated the Supreme Court holding in 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).  We affirm in part, reverse in part, and remand for further proceedings.

The defendant was charged with unlawful possession of a controlled substance and domestic battery (720 ILCS 5/12--3.2(a)(2) (West 1998)) based on events alleged to have occurred on February 6, 1999.  He was arraigned via closed circuit television on February 24, 1999, and released on bond on March 18, 1999.  While out on bond, he was charged with unlawful possession of a controlled substance as the result of an incident on September 2, 1999.  He was arraigned on this offense via closed circuit television on September 17, 1999.

On January 18, 2000, the attorneys informed the court that a plea agreement had been reached.  The defendant agreed to plead guilty to both charges of unlawful possession of a controlled substance.  In return, the State agreed to dismiss the domestic battery charge.  The State and the defendant also agreed to  sentences of two years’ imprisonment on each charge, with the sentences to be served consecutively.  

 Defense counsel then told the court that they had also agreed that the defendant’s sentencing would be delayed one week, so that he could get his affairs in order.  The court acknowledged the agreement.  He then told the defendant and counsel that he would leave his "options open" as to punishment in case the defendant did not appear for his court date or he "picked up" another case while out on bond.  He asked both counsel if that created "a problem for anyone."  Both counsel stated that it did not.  The judge admonished the defendant in accordance with Supreme Court Rule 402 (177 Ill. 2d R. 402) and found the defendant guilty.  After accepting the plea, the judge told the defendant, "you are looking at two plus two on each of these if you can control your behavior and come back here in a week.  You’re looking at as much as six plus six on 'em if you can’t.  Okay?"  The defendant acknowledged the judge’s statement.

On January 26, 2000, the defendant returned to court.  His attorney asked for an additional seven-day continuance, because the defendant was scheduled for knee surgery.  The judge granted the continuance and told the defendant, "you pick up another case, you got problems."  The next hearing was set for 9:30 a.m. on February 7, 2000.  

The defendant did not appear at the next hearing.  Defense counsel stated he did not know why his client had failed to appear, but he felt confident he could get him into court.  The matter was continued to the following morning at 9:30 a.m.  The judge told defense counsel that if his client was not in court, he would issue a bench warrant.

The next morning the defendant did not appear.  Defense counsel stated that the defendant had come to the courthouse the previous afternoon.  The defendant was told to contact his attorney, but counsel had not heard from the defendant.  The judge issued a bench warrant.  The defendant arrived in the judge’s courtroom later that afternoon, at which time the judge had him arrested.

At the sentencing hearing on March 16, 2000, the prosecutor argued that the defendant should be sentenced to an extended term on each charge.  Defense counsel, while admitting that his client had "technically" violated the plea agreement, argued that the defendant should still get the benefit of his plea bargain because he had come back to the courthouse, even though not in a timely fashion.  He argued that the defendant should receive a two-year sentence on each charge.  

The judge sentenced the defendant to three years’ imprisonment on the first charge and four years’ imprisonment on the second charge.  The sentences were ordered to run consecutively because the defendant was out on bond for the first offense when he committed the second.  After his posttrial motion to withdraw his guilty plea was denied, the defendant appealed.

The defendant asserts that his arraignment via closed circuit television violated his due process right to be present during trial.  He acknowledges that he is bringing this error to the court’s attention for the first time on appeal.  He urges this court to apply a plain error analysis.

In 
People v. Lindsey
, 309 Ill. App. 3d 1031, 723 N.E.2d 841 (2000) 
appeal
 
allowed
, 189 Ill. 2d 670 (2000), 
the defendant did not object to his arraignment via closed circuit television, but did raise the issue on appeal.  This court held that since Lindsey did not show that his appearance via closed circuit television prejudiced his case or violated his due process rights, there was no plain error.  The defendant in this case is similarly situated to the defendant in 
Lindsey
.  Therefore, we decline to apply a plain error analysis and hold that the closed circuit arraignment proceedings were proper.

The defendant also argues that he should be allowed to withdraw his guilty plea because the trial judge withdrew his conditional concurrence in the plea without allowing the defendant the opportunity to withdraw the plea.

Plea agreements are governed to some extent by contract law principles.  
People v. Evans
, 174 Ill. 2d 320, 673 N.E.2d 244 (1996).  Once counsel informs the judge of the provisions of a plea agreement, the judge may conditionally concur in the agreement by informing the parties what actions of the defendant he requires before he will abide by the agreement.  177 Ill. 2d R. 402(d)(2).  In some instances, the conditions stated by the judge become a part of the pretrial agreement.  See 
People v. Hayes
, 159 Ill. App. 3d 1048, 513 N.E.2d 68 (1987).  If, at the time of sentencing, the judge chooses to withdraw his conditional concurrence, he must advise the defendant of this and allow the defendant the opportunity to withdraw his guilty plea.  
People v. Rossman
, 309 Ill. App. 3d 662, 722 N.E.2d 1216 (2000); 177 Ill. 2d R. 402(d)(2).
  If the defendant chooses to withdraw his guilty plea, the case is then transferred to a new judge.  177 Ill. 2d R. 402(d)(2).

The State argues that 
Hayes
 is dispositive of the case at bar.  In 
Hayes
, the defendant pled guilty pursuant to a negotiated plea.  During the course of the guilty plea hearing, the State asked the judge to admonish the defendant that if he failed to appear at his sentencing hearing he was eligible for a more severe sentence.  Defense counsel told the court that he had explained to the defendant the repercussions on his sentence if the defendant failed to appear at sentencing.  The judge admonished the defendant that if he failed to appear at the sentencing hearing he could receive a longer sentence.  The appellate court held that the imposition of a more severe sentence if the defendant failed to appear was an integral part of the plea agreement.  The court further held that this condition of the plea had been clearly communicated to and understood by the defendant at the time of the entry of the plea.  
Hayes
, 159 Ill. App. 3d 1048, 513 N.E.2d 68.  Therefore, the court affirmed the imposition of a longer sentence than the parties had originally agreed to.

Here, there was no such clear communication of a change to the plea agreement.  Defense counsel informed the trial judge that the parties had agreed to a seven-day delay in sentencing.  The judge said that was acceptable, but he would defer a sentencing decision to keep his "options open" in case the defendant did not appear or was charged with a new crime.  The judge then asked both counsel if that caused anyone any "problems," to which both counsel responded it did not.  After his guilty plea was accepted, the judge told the defendant if he did not appear at sentencing he could be sentenced to six years’ imprisonment on each charge.  The defendant acknowledged the judge’s statement.  None of these statements show unequivocally that the defendant was advised that appearing at the sentencing hearing was part of his plea agreement.  Additionally, the judge stated that he wanted to keep 
his
 "options open" in sentencing if the defendant did not appear.  This statement is further evidence that the option was the judge’s and was not part of the plea agreement.  Thus, 
Hayes
 does not apply.

When the defendant did not appear at his sentencing hearing, the judge exercised his authority to withdraw his concurrence in the plea agreement.  However, before doing so, he was required to notify the defendant that he was going to withdraw his concurrence and allow the defendant an opportunity to decide whether to persist in or withdraw his guilty plea.  Since the judge did not allow the defendant this opportunity, the defendant is entitled to a new hearing in compliance with Supreme Court Rule 402(d)(3).  177 Ill. 2d R. 402(d)(3).

As our decision on the previous issue is dispositive, we need not address the defendant’s contention that the prosecutor breached the plea agreement by arguing for a greater sentence than the one agreed to.

However, we will address the defendant’s 
Apprendi
 complaint because it may apply should he be sentenced on remand.  The defendant was sentenced to consecutive terms of imprisonment based on the fact that one of his charged offenses was committed while he was out on bond on the other.  730 ILCS 5/5--8--4(h) (West 1998).  The defendant asserts that this consecutive sentencing provision of the Unified Code of Corrections violates the Supreme Court holding in 
Apprendi
.  

Under 
Apprendi
, any factor, other than a prior conviction, must be proven beyond a reasonable doubt before a defendant can be sentenced to a term greater than the statutory maximum.  
Apprendi
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348.  The defendant argues that the findings on which the circuit court based its imposition of consecutive sentences were not proven beyond a reasonable doubt, and therefore his consecutive sentences violate 
Apprendi
.  However, the Illinois Supreme Court held in 
People v. Carney
, 196 Ill. 2d 518, 752 N.E.2d 1137 (2001) that the consecutive sentencing statute does not implicate 
Apprendi
 because it applies to how a sentence is served, not the length of a defendant’s sentence for a particular crime.  Therefore, we hold that the defendant’s consecutive sentences do not violate 
Apprendi
.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

LYTTON, P.J., and HOMER, J., concur.