NO. 4-08-0037          Filed 1/22/10

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
|       Plaintiff-Appellee, | ) | Circuit Court of |
|       v. | ) | Champaign County |
| SHAWNA M. TURNER, | ) | No. 06CF1984 |
|       Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

_____

JUSTICE POPE delivered the opinion of the court:

In September 2007, defendant, Shawna M. Turner, pleaded guilty pursuant to a partially negotiated plea agreement to the offense of aggravated battery to a police officer. After accepting defendant's plea and entering judgment on the same, the trial court asked, during the same hearing, if part of the plea agreement was defendant's presence at the sentencing hearing. Defense counsel stated this was part of the plea agreement. The court then advised defendant if she was not present at the sentencing hearing there would be no agreement and the court could sentence her to up to seven years in the Illinois Department of Corrections (IDOC). Defendant stated she understood. When defendant failed to appear at the sentencing hearing, the trial court imposed the maximum seven-year sentence. Defendant appeals, arguing the trial court erred in adding a condition to its concurrence in the plea agreement after it had

already accepted the plea.  We affirm.

## I. BACKGROUND

In December 2006, the State charged defendant by information with aggravated fleeing or attempting to elude a police officer (625 ILCS 5/11-204.1(a)(4) (West 2004)) and aggravated battery (720 ILCS 5/12-4(b)(18), (e)(2) (West 2006) (as amended by Pub. Act 94-333, §5, eff. July 26, 2005)).  The incident leading to the charges occurred on December 4, 2006.  In September 2007, defendant agreed to plead guilty to aggravated battery in exchange for the State agreeing to cap its sentencing recommendation at six years and dismiss five other pending cases against defendant.  At the plea hearing, the following exchange occurred.

> "[TRIAL COURT]:  Is your plea of guilty today voluntary, is this of your own free will?
>
> [DEFENDANT]:  Yes, your Honor.
>
> [THE STATE]:  Your Honor, in exchange for the defendant's plea of guilty to the offense of aggravated battery, a Class [2] felony, in the manner and form set forth in [c]ount I of the information filed December 5, 2007, the People have agreed to cap a

- 2 -

sentencing recommendation of six years in [IDOC]. We also agreed to dismiss [case Nos.] 07 CF 1400, 06 CF 1668, 07 CM 843, 07 CM 905[,] and 06 CM 603.

[TRIAL COURT]: Is that the agreement, [defense counsel]?

[DEFENSE COUNSEL]: Yes, your Honor.

[TRIAL COURT]: Ms. Turner, as I understand the situation, we're going to continue this matter for a sentencing hearing. And at this sentencing hearing all those other cases are going to be dismissed, and your penalty range on this case will be somewhere between probation and six years, as opposed to between probation and seven years. Is that your understanding of where we are right now?

[DEFENDANT]: Yes, sir.

                    * * *

[TRIAL COURT]: Ms. Turner, do you now then plead guilty to that charge of aggravated battery?

[DEFENDANT]: Yes, sir.

[TRIAL COURT]: Show the defendant

- 3 -

pleads guilty to that charge, that plea of guilty is accepted by the court. Judgment is entered on the plea. [Defense counsel], besides a standard presentence report, what other reports would you like?

[DEFENSE COUNSEL]: Your Honor, I would ask for the TASC and Drug Court evaluations. I believe we might have had those done, but it would have been back in January or February, so I think it's time for new evaluations, if possible.

[TRIAL COURT]: All right. Counsel, can we use the morning of Thursday, November 8th?

[DEFENSE COUNSEL]: That should be fine.

[TRIAL COURT]: Ten o'clock.

*** [P]art of the plea agreement is that the defendant will appear for her sentencing hearing; is that correct?

[DEFENSE COUNSEL]: Yes, your Honor.

[TRIAL COURT]: Ms. Turner, what this means is, if you're not here on the date I have set for sentencing, I will have that hearing without you, and I could sentence you up to seven years in [IDOC]. There would be

- 4 -

no agreement if you don't show up, so it's very important that you report to Court Services as soon as you leave the courtroom, and keep the appointments they make for you, and be back here for your sentencing hearing.

[DEFENDANT]: Yes, sir.

[TRIAL COURT]: Thank you. I'll continue the other case, 1668, to that same date and time."

Defendant did not appear for her sentencing hearing. At the hearing, the trial court stated:

"This defendant was told that part of her plea agreement was that she appear for her sentencing hearing. The [S]tate capped [its] recommendation at six years in [IDOC]. The defendant is not here, and she has therefore basically forfeited the plea agreement that she had with the State. The fact that she didn't appear at this sentencing hearing, the fact that she has done this before, failed to appear at sentencing hearings, really speaks volumes about her rehabilitative potential, much more so quite frankly than the TASC report and the

- 5 -

presentence report.  She is a dangerous individual; she is basically out of control. She has an extensive criminal history, and therefore the State is going to--the State had recommended a cap of six years, and to Mr. Jackson's credit, he stayed with that agreement.  But given everything that has been presented, I believe an appropriate sentence is one of incarceration in [IDOC]. It will be for the maximum term of seven years.  She'll get credit for 61 days heretofore served in the Champaign County Correctional Center.  I'm going to direct that a warrant is to issue.  There will be no bond on that warrant.

Mr. Jackson, I have other files for Ms. Turner, starting with [case No.] 06-CF-1668. That is a--is this a petition to revoke or is this a--where are we with this?  This was a criminal charge.  Your wishes on the matters that we have, Mr. Jackson, [Nos.] 06-CF-1668, 07-CF-1400, 06-CM-603, 07-CM-843, 07-CM-905?

[THE STATE]:  Your Honor, it would be our motion to dismiss.

[TRIAL COURT]:  We will show on our

motion, these matters are withdrawn and

dismissed."

In December 2007, defendant filed a motion for a new sentencing hearing, arguing the trial court did not adequately admonish defendant of the conditions of its concurrence with the plea agreement, and, therefore, the court was bound by the six-year cap, even though defendant failed to appear at the sentencing hearing.  That same month, the trial court denied defendant's motion.

This appeal followed.


## II. ANALYSIS

Defendant argues this court should vacate defendant's seven-year sentence and remand this case to the trial court for further proceedings.  Defendant relies on this court's decision in People v. Collier, 376 Ill. App. 3d 1107, 879 N.E.2d 982 (2007).  In Collier, the defendant pleaded guilty in exchange for the State capping its sentencing recommendation at two years. Collier, 376 Ill. App. 3d at 1109, 879 N.E.2d at 985.  The trial court stated terms of the agreement on the record and then accepted the defendant's plea.  After accepting the plea, the court dealt with some technical matters, including setting a date for the sentencing hearing.  Collier, 376 Ill. App. 3d at 1109,

879 N.E.2d at 985. The court then asked the defense counsel and the State whether as part of the plea agreement the defendant had to appear for sentencing. Collier, 376 Ill. App. 3d at 1109, 879 N.E.2d at 985. The attorneys for the defendant and the State both acknowledged this was part of the plea agreement. Collier, 376 Ill. App. 3d at 1109-10, 879 N.E.2d at 985. The court told the defendant this meant if she did not show up for the sentencing hearing the court could sentence her to more than two years in prison. Collier, 376 Ill. App. 3d at 1110, 879 N.E.2d at 985. The defendant did not respond to this admonishment by the court, and no one said anything further of substance before the plea hearing concluded. Collier, 376 Ill. App. 3d at 1110, 879 N.E.2d at 985.

On the day of the sentencing hearing, the defendant was present at the trial court but then left before the hearing began. The court noted it informed the defendant if she did not appear at the sentencing hearing, "'the court would not concur with the State's cap'" and "'the court could sentence her to more than two years.'" (Emphasis in original.) Collier, 376 Ill. App. 3d at 1111, 879 N.E.2d at 986. The court sentenced the defendant to four years in prison and denied her motion to reconsider. Collier, 376 Ill. App. 3d at 1111, 879 N.E.2d at 986.

This court agreed with the defendant in Collier the trial court improperly added a condition to its concurrence with

the plea agreement after it had accepted the plea.  Collier, 376 Ill. App. 3d at 1111, 879 N.E.2d at 986.  After counsel informs the trial court of the terms of a plea agreement and before the court accepts the defendant's plea, the court must either inform the defendant the court is not bound by the terms of the plea agreement or state its concurrence or conditional concurrence with the plea agreement.  Collier, 376 Ill. App. 3d at 1111, 879 N.E.2d at 986.

This court stated the requirement the defendant appear for sentencing did not constitute a properly communicated condition on the trial court's concurrence with the plea. However, in Collier, it does not appear the defendant's appearance at the sentencing hearing was a condition added by the trial court.  It was a condition of the plea agreement between the State and the defendant as reflected by the answers of the attorneys for the State and the defendant.  See Collier, 376 Ill. App. 3d at 1109-10, 879 N.E.2d at 985.

This court found its ruling on the "conditional-concurrence" issue, which we find was inaccurately labeled by the trial judge at the sentencing hearing, was dispositive.  Collier, 376 Ill. App. 3d at 1113, 879 N.E.2d at 988.  However, this court stated it would address the State's argument the requirement to attend the sentencing hearing was part of the plea agreement itself.  Collier, 376 Ill. App. 3d at 1113, 879 N.E.2d at 988.

This court found this argument without merit because it found the requirement was a condition added by the trial court. <u>Collier</u>, 376 Ill. App. 3d at 1113, 879 N.E.2d at 988. As previously stated, the facts as recited in <u>Collier</u> do not indicate this was a condition added by the trial court but was part of the plea agreement between the State and defendant.

According to this court in <u>Collier</u>, the trial court did not clearly communicate to the defendant the change in the plea agreement. <u>Collier</u>, 376 Ill. App. 3d at 1113-14, 879 N.E.2d at 988. According to <u>Collier</u>:

> "[T]he trial court concurred with the plea agreement when it told Collier that her sentence would not exceed two years. Collier entered her guilty plea based on the assurance of receiving a sentence under that cap. After the trial court accepted Collier's plea, it asked the parties whether it was 'part of' the plea agreement that Collier appear for sentencing. Counsel for both parties answered 'yes.' However, merely labeling a requirement part of the plea agreement does not make it so. The requirement was not brought about by the attorneys, but rather by the trial court."

Collier, 376 Ill. App. 3d at 1114, 879 N.E.2d at 988.

We agree merely labeling a requirement part of the plea agreement does not make it so. However, once again, the facts as recited in Collier indicate this requirement was part of the original plea agreement.

This court in Collier then said that case was similar to People v. Bouie, 327 Ill. App. 3d 243, 763 N.E.2d 858 (2002). Collier, 376 Ill. App. 3d at 1114, 879 N.E.2d at 988. We disagree. In Bouie, the requirement that the defendant appear for the sentencing hearing was not part of the plea agreement between the State and the defendant. Bouie, 327 Ill. App. 3d at 247, 763 N.E.2d at 861. After acknowledging the plea agreement between the parties, the trial court in Bouie stated it would leave its "'options open'" as to punishment in the event that the defendant did not appear at his sentencing hearing. Bouie, 327 Ill. App. 3d at 245, 763 N.E.2d at 859. The trial court then asked if that created "'a problem for anyone,'" and the attorneys for the State and defendant stated it did not. Bouie, 327 Ill. App. 3d at 245, 763 N.E.2d at 859. The situation in Bouie is clearly distinguishable from the fact situation in Collier.

Even though we find this court's decision in Collier was based on an incorrect interpretation of the facts recited in that opinion, we decline to disavow the opinion for the following

reason. While the trial court in Collier did not add a condition to the plea agreement between the defendant and the State, it did fail to ensure the defendant understood the plea agreement allowed the trial court to sentence defendant to a longer term if the defendant failed to appear at her sentencing hearing. This is evidenced by the fact that the defendant gave no response to the trial court's question of whether she understood this was part of the plea agreement. Collier, 376 Ill. App. 3d at 1110, 879 N.E.2d at 985. This factor combined with the trial court's previous statement to the defendant that her penalty range would be "'confined to probation up to two years'" was enough to bring into doubt whether the defendant was fully aware of the terms of the plea agreement. (Emphasis omitted.) Collier, 376 Ill. App. 3d at 1109, 879 N.E.2d at 985.

However, in the instant case, such a situation does not exist. Like in Collier, the attorney for defendant in the case sub judice stated attendance at the sentencing hearing was part of the plea agreement. In addition, defendant told the trial court she understood the court could sentence her up to seven years in prison if she failed to present herself for the sentencing hearing.

While it certainly would have been better for the attorneys for the State and defendant to have stated attendance at the sentencing hearing was part of the plea agreement before

the trial court accepted defendant's guilty plea, this fact alone does not affect the validity of defendant's plea. Very shortly after accepting defendant's plea, the court inquired whether defendant's attendance at the sentencing hearing was part of the plea agreement, defense counsel acknowledged this was part of the plea, and defendant stated she understood this was part of the plea. Moreover, defendant stated she understood if she failed to appear, the court could sentence her to seven years in prison. She failed to appear at her own peril.

We conclude no reason exists to vacate defendant's seven-year prison sentence because (1) the trial court did not add a condition to the plea agreement between defendant and the State and (2) defendant understood the terms of her plea agreement.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we grant the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed.

KNECHT, J., concurs.

APPLETON, J., dissents.

JUSTICE APPLETON, dissenting:

I respectfully dissent from the majority's decision. I find the circumstances of the trial court's postplea addition, requiring defendant's attendance at sentencing, indistinguishable from the circumstances presented to us in Collier.

Of greater import, a plea and its attendant terms are agreed to by a defendant, not the attorneys. Here, the plea was taken fully with all of the requisites of Supreme Court Rules 402(a) through (c) (177 Ill. 2d Rs. 402(a) through (c)). At the point defendant entered her plea, the plea was accomplished. If the trial court later sought to add an additional term to the plea agreement, defendant, and not her attorney, needed to agree to it. Defendant's answer "yes, sir," following the trial court's unilateral modification of the plea agreement, does not, in context, indicate that defendant agreed to a modification of her plea.