**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**VAN T. WILLIS**
**CRYSTAL G. ROWE**
Kightlinger & Gray, LLP
New Albany, Indiana

ATTORNEY FOR APPELLEE:

**STEPHEN ROSS HUBBELL**
Gary, Indiana



FILED

Oct 18 2012, 9:07 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

GOHMANN ASPHALT &
CONSTRUCTION, INC.,

    Appellant-Defendant,

        vs.

FIVE STAR PAINTING, INC.,

    Appellee-Plaintiff.

)
)
)
)
)
)
)
)
)
)
)

No. 10A04-1206-CC-324

APPEAL FROM THE CLARK CIRCUIT COURT
The Honorable Jerry F. Jacobi, Judge
The Honorable Kenneth R. Abbott, Magistrate
Cause No. 10C02-1103-CC-265

**October 18, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Gohmann Asphalt & Construction, Inc., ("Gohmann") appeals the trial court's order reinstating a complaint filed by Five Star Painting, Inc., ("Five Star"). We reverse.

**Issue**

Gohmann raises one issue, which we restate as whether the trial court properly reinstated the case after it was dismissed.

**Facts**

On March 15, 2011, Five Star filed a complaint against Gohmann alleging breach of contract and conversion. On May 4, 2011, Gohmann answered the complaint, disputing the allegations and raising several affirmative defenses. During a pretrial conference, mediation was ordered, and a jury trial was scheduled for February 7, 2012. In October 2011, the mediator filed a report indicating the parties had failed to settle the matter. On January 5, 2012, Five Star's attorney, Ross Hubbell, filed a motion to withdraw his appearance. On January 9, 2012, the trial court cancelled the final pre-trial conference and jury trial. On January 13, 2012, the trial court granted the motion to withdraw and gave Five Star thirty days to retain substitute counsel.[1] On February 22, 2012, Gohmann filed a motion to dismiss, alleging that Five Star had not timely retained new counsel. On March 22, 2012, the trial court held a hearing on Gohmann's motion to dismiss. Five Star failed to appear at the hearing, and the trial court granted the motion to

---

[1] This order is dated January 9, 2012, but the chronological case summary indicates that the order was issued on January 13, 2012.

dismiss. The trial court's order provided, "IT IS ORDERED, ADJUDGED AND DECREED that the above-entitled cause be, and hereby is, dismissed." App. p. 7.

On April 3, 2012, Hubbell, on behalf of Five Star, filed a Motion for Reinstatement of Case asserting that Five Star's president, Steve Passaloukos, contacted Hubbell on March 28, 2012, and advised Hubbell that he had been rendered incompetent since December 2011 because he was suffering from serious, life-threatening illnesses and from the side effects of the medication he was taking. The motion also indicated that Passaloukos wished to prosecute the case and that Gohmann would not be prejudiced by the reinstatement because discovery had already been completed.

On April 4, 2012, the trial court informed Hubbell that no appearance had been filed and that the pleading did not have the correct court name and case number. On April 17, 2012, Gohmann filed its response in opposition to reinstatement. On May 1, 2012, Five Star refiled its motion supported by the affidavit of Passalokus's wife, who indicated her belief that Passalokus had been rendered incompetent after a change in his medication. On May 30, 2012, the trial court granted the motion for reinstatement. Gohmann now appeals.

**Analysis**

Gohmann argues that the trial court's reinstatement of the case was improper. "A trial court's decision to reinstate a case pursuant to Trial Rule 41(F) is reviewed for an abuse of discretion, which occurs only when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if the court has misinterpreted the law." Baker & Daniels, LLP v. Coachmen Industries, Inc., 924 N.E.2d

3

130, 136 (Ind. Ct. App. 2010), trans. denied. Trial Rule 41(F) provides, "For good cause shown and within a reasonable time the court may set aside a dismissal without prejudice. A dismissal with prejudice may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)."

Although the trial court's order dismissing the case did not specify whether the dismissal was with or without prejudice, we have held "'[a] dismissal for failure to prosecute or to comply with our Trial Rules pursuant to Trial Rule 41(E) is a dismissal with prejudice unless the trial court provides otherwise.'" Indiana Ins. Co. v. Insurance Co. of North America, 734 N.E.2d 276, 278 (Ind. Ct. App. 2000) (quoting Browning v. Walters, 620 N.E.2d 28, 32 (Ind. Ct. App. 1993)), trans. denied; see also Ind. Trial Rule 41(B) (providing in part, "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision or subdivision (E) of this rule and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, operates as an adjudication upon the merits."). Because the dismissal was based on Five Star's failure to prosecute under Trial Rule 41(E) and the trial court's order of dismissal does not otherwise specify, it was a dismissal with prejudice that "may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)."[2] T.R. 41(F).

Five Star's motion for reinstatement, however, appears to have been based on the good cause prong of Trial Rule 41(F) and does not reference Trial Rule 60(B) in form or in substance. Because Five Star was required to have the dismissal set aside based on

---

[2] On appeal, Five Star does not dispute that Trial Rule 60(B) applies. It only argues that it was patently obvious that it has a meritorious claim, that it was unnecessary to establish that it had a meritorious claim because the dismissal was void, and that Gohmann's meritorious claim argument is waived on appeal.

4

Trial Rule 60(B), if at all, the trial court improperly reinstated Five Star's complaint on only a showing of good cause.

Even if we were to broadly view Five Star's motion for reinstatement as a motion for relief from judgment based on Trial Rule 60(B), Five Star's request for reinstatement would still fail. Without specifying which subsection of Trial Rule 60(B) applies, Five Star appears to assert that it was unnecessary to allege a meritorious claim, as required for subsections (1), (2), (3), and (4) of Trial Rule 60(B), because it is "patently obvious from the totality of the circumstances that Five Star has a meritorious claim and that Gohmann and the trial court were well aware of this throughout the course of this litigation." Appellee's Br. p. 5. In support of this assertion, Five Star refers to the fact that Gohmann had not filed a motion to dismiss, motion for summary judgment, or any other motion contesting the validity of Five Star's claims and that its complaint set forth with particularity the nature of its claims.

We rejected a similar argument in Natare Corp. v. Cardinal Accounts, Inc., 874 N.E.2d 1055, 1059 (Ind. Ct. App. 2007), where the party seeking reinstatement presented no admissible evidence establishing that it had a meritorious claim and the only information in the record on the substance of the claim was the complaint. We reasoned, "if all a party needed was a Complaint on file to satisfy the well-established requirement that a prima facie case be demonstrated by some type of evidence, then that requirement would be illusory and nothing more than a nullity because every Rule 60(B) case has a Complaint in the court file." Natare, 874 N.E.2d at 1059. Likewise we are unconvinced that a detailed complaint, even taken with the fact that Gohmann had not challenged the

5

validity of the claims in a pretrial motion, does not establish that Five Star had a meritorious claim as required by Trial Rule 60(B).

Alternatively, Five Star argues that it need not have established a meritorious claim because the dismissal was void because of Passaloukos's alleged incompetence at the time he was served with the motion to dismiss. According to Passaloukos's wife's affidavit, when Passaloukos began taking new medication to treat his pulmonary disease, she noticed a "rapid deterioration" in his mental health to the point that she believed "he was completely incompetent." App. p. 63. Passaloukos's wife further stated that notices were being sent to Passaloukos's office, not the couples' home.

As Five Star points out, the meritorious claim requirement is not absolute. "If a judgment is void, whether from faulty process or otherwise, a T.R. 60(B) claimant need not show a meritorious defense or claim." Moore v. Terre Haute First Nat. Bank, 582 N.E.2d 474, 477 (Ind. Ct. App. 1991); see also T.R. 60(B). Passaloukos's purported incompetence and failure to go to his office, however, does not establish that the dismissal is void as a matter of law. See, e.g., Baker & Daniels, 924 N.E.2d at 138 (explaining that to establish that the dismissal judgment was void pursuant to Trial Rule 60(B)(6), the movant must demonstrate that the notice at issue was sufficiently lacking to deprive it of due process."). Without more, Five Star's argument is unavailing.

Finally, Five Star asserts that Gohmann waived its lack of meritorious claim argument by failing to raise it before the trial court. However, because Five Star's motion for reinstatement was not clearly based on Trial Rule 60(B), we decline to hold Gohmann was required to raise the issue of the lack of meritorious claim to the trial court

6

in order to preserve the issue for appeal. Moreover, it was Five Star that had the burden to show sufficient grounds for relief under Trial Rule 60(B) and to make a prima facie showing of a meritorious defense. See Smith v. Johnston, 711 N.E.2d 1259, 1265 (Ind. 1999). Because Five Star did not meet this burden, the granting of its motion for reinstatement was improper.

## Conclusion

Because Five Star did not establish that it was entitled to relief from judgment pursuant to Trial Rule 60(B), the trial court improperly granted its motion for reinstatement. We reverse.

Reversed.

VAIDIK, J., and MATHIAS, J., concur.